IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40271
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEFFERY CHARLES BELL,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97CR19-3
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jeffery Charles Bell appeals from his sentence following his
guilty-plea conviction for possession with intent to distribute
cocaine base.  Bell argues that the district court clearly erred
in applying U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.
Section 2D1.1(b)(1) should be applied if a firearm was present
during a drug offense, unless it is clearly improbable that the
firearm was not connected with the offense.  § 2D1.1, comment.
(n.3).  The determination that a defendant possessed a firearm

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pursuant to § 2D1.1(b)(1) is a factual finding, which is reviewed for clear error. United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

The Government may prove that the defendant personally possessed a weapon for purposes of § 2B1.1(b)(1) by showing a temporal and spatial relationship between the weapon, the proscribed activity, and the defendant. United States v. Ramos, 71 F.3d 1150, 1157 (5th Cir. 1995), cert. denied, 517 U.S. 1227 (1996). The search of Bell's residence revealed a firearm in the same room as the cocaine base. This search was conducted on the same day that Bell sold cocaine base to a DEA informant. The district court did not clearly err in applying § 2D1.1(b)(1) in calculating Bell's sentence.

AFFIRMED.